IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1998 SESSION

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO.  02C01-9709-CC-00360 |
| | ) | |
| Appellee | ) | FAYETTE COUNTY |
| | ) | |
| v. | ) | HON. JON KERRY BLACKWOOD, |
| | ) | JUDGE |
| JACOB MEEKS, | ) | |
| | ) | POST-CONVICTION |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

David Crichton
111 W. Market Street
Bolivar, TN  38008

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED _____

REVERSED
JOHN K. BYERS
SENIOR JUDGE

The defendant appeals from the dismissal of a petition for post-conviction relief, wherein he sought a delayed appeal from the judgment of the Court of Criminal Appeals, which affirmed his trial court conviction for "hindering a secured creditor," to the Supreme Court.

The resolution of this case rests upon whether the defendant was fully and properly advised by counsel who represented him at trial and on first-tier appeal that he would no longer represent him on further appeals, as well as the date when the right to apply to the Supreme Court for review would expire and other information required by Rule 14 of the Supreme Court Rules. Our determination of this issue turns upon whether the Clerk of the court complied with the requirements of Rule 14.

Rule 14 is as follows:

> Permission for leave to withdraw as counsel for an indigent defendant after an adverse final decision in the Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the Court of Criminal Appeals not later than fourteen (14) days after that Court's entry of final judgment.

> The motion shall state (1) that after a study of the opinion of the Court of Criminal Appeals, the brief filed on behalf of the defendant in that Court presents such issues as are available for second-tier appellate review, if sought by defendant pro se, and (2) that the written notification prescribed by this Rule, along with a copy of the Court of Criminal Appeals opinion, have been forwarded to the defendant.

> The motion shall be accompanied by a copy of the written notification forwarded to the defendant which shall advise the defendant (1) that counsel does not intend to file an Application for Permission to Appeal and that leave of Court is being sought to withdraw; (2) that the defendant may file a pro se Application for Permission to Appeal with the Clerk of the Supreme Court if filed within sixty (60) days after entry of final judgment in the Court of Criminal Appeals; (3) the date on which the Court of Criminal Appeals opinion was released; and (4) the date on which an Application for Permission to Appeal is due. The written notification must also reflect the defendant's mailing address to which the notice was forwarded.

> Upon the filing of a timely motion in accord with the foregoing requirements, the Court of Criminal Appeals, or any judge thereof, may summarily grant the motion. Upon entry of the order granting the motion to withdraw, a copy thereof will be sent to the defendant by the Clerk,

accompanied by letter notice [sic] to defendant of the last day within which to file an Application for Permission to Appeal.

The Court of Criminal Appeals entered judgment on August 6, 1996 affirming the conviction of the defendant. Counsel who represented the defendant testified he sent a letter to the defendant's home in Holly Springs, Mississippi on August 6, 1996 which included a copy of his motion to withdraw and all of the information required by Rule 14. A copy of the transmittal letter was filed in the hearing on the post-conviction petition. There were no copies of the motion, etc. filed in this case as exhibits. The attorney testified he received a letter from the defendant subsequently which caused him to think the defendant had not received the letter and documents he mailed on August 6, 1996. As a result, he then, according to his testimony, sent a letter to the defendant in Tiptonville, Tennessee, where he was incarcerated.

A copy of the letter was made an exhibit to counsel's testimony. This letter stated counsel was enclosing the information required by Rule 14 in the packet which accompanied the letter. The exhibit did not contain copies of these documents.

The brief of the State in a footnote says the Court of Criminal Appeals granted the attorney's motion to withdraw on August 14, 1996. We do not find a copy of the order in the record before us.

The defendant testified he did not receive the letter mailed to him by the attorney on August 6, 1996. He testified he received the letter sent to his former home address in November 1996 when it was forwarded to him by his wife.[1]

The trial judge found counsel had indeed informed the defendant of his intent to withdraw and of his right to seek review of his conviction by the Supreme Court. This finding, of course, is based upon a determination of the credibility of the testimony of counsel vis-a-vis the testimony of the defendant. In such case, we are bound by the determination of the credibility of witnesses made by the trial judge. If we were to base our opinion upon this alone, we would affirm the judgment.

---

[1] At this time, the defendant's wife was in the process of divorcing him.

However, there is another matter of concern. Rule 14 requires the Clerk of the court to furnish to a defendant a copy of the order granting the motion to withdraw accompanied by letter notice informing the defendant of the last day within which to file an Application for Permission to Appeal to the Supreme Court. There is no showing in this record that this was done.

The purpose of Rule 14 is to insure that an indigent defendant shall not lose his right to seek relief by way of an Application for Permission to Appeal to the Supreme Court because he is not made aware of the withdrawal of counsel or the expiration of the time in which to ask for review by the Supreme Court through no fault of his own.

Rule 14 speaks of what counsel must file with the Court of Criminal Appeals before the court can relieve counsel of further duties in a case. Beyond this, Rule 14 places a positive duty upon the Clerk of the court to send a copy of the order relieving counsel to the defendant.

The termination of the right to seek review by the Supreme Court may not occur in the absence of the Clerk's forwarding to the defendant the material required by Rule 14. The requirement is a safeguard to see that the defendant's right has been protected.

We are compelled to hold that the record does not show compliance with Rule 14 in this case. We must, therefore, reverse the judgment of the trial court denying a delayed appeal to the Supreme Court.

The judgment affirming the conviction of the defendant entered by the Court of Criminal Appeals on August 6, 1996 is set aside and reentered on the date the judgment in this case is filed, and the time for filing an Application for Permission to Appeal to the Supreme Court shall commence to run from that date.

The cost of this appeal is taxed to the State.

_____
John K. Byers, Senior Judge

CONCUR:

_____
David H. Welles, Judge

_____
Jerry L. Smith, Judge